*Treasure Chest Themed Value Mail, Inc. v. David Morris Int'l, Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of August, two thousand nineteen.

PRESENT:

> PETER W. HALL,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges*,
> JANE A. RESTANI,*
> > *Judge.*

---

TREASURE CHEST THEMED VALUE MAIL, INC.,

> *Plaintiff–Counter-Defendant–*
> *Appellee*,

v.                                                              No. 18-2181

DAVID MORRIS INTERNATIONAL, INC.,

> *Defendant–Counter-Claimant–*
> *Appellant*.

---

* Judge Jane A. Restani, of the United States Court of International Trade, sitting by designation.

1

Appearing for *Appellee*:                    Daniel Knox, Knox Law Group, P.C., New York, NY.

Appearing for *Appellant*:                   BRIAN LEHMAN, Lehman LG LLC, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Buchwald, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on June 28, 2018, is **AFFIRMED**.

Defendant–Counter-Claimant–Appellant David Morris International, Inc. ("David Morris") appeals from a judgment of the district court following a bench trial finding David Morris liable to Treasure Chest Themed Value Mail, Inc. ("Treasure Chest") for breach of contract. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

In January 2016, David Morris and Treasure Chest entered into a vacation travel mailing participation agreement. Section 1 of the agreement provides that Treasure Chest would "include [David Morris's] information on two sides of an insert in [Treasure Chest's] direct mail business campaign to at least 730,000 vacation travelers nationwide . . . with two logos on response card" and that Treasure Chest would follow up this advertisement with 300,000 "weekly digital impressions through September 30, 2016[,] for two different products." App. 64. For its part, David Morris would pay

2

$45,000 and up to $50,000 in airfare and hotel accommodations and cruises. Treasure Chest guaranteed more than 3,000 leads would be produced by the advertising campaign. Unsatisfied with the lack of resulting business, David Morris declined to pay, which led to this diversity action.

At trial, Treasure Chest's witness averred that all of its contractual obligations had been met. The District Court credited this evidence.

David Morris first disputes the district court's finding that Treasure Chest performed under the agreement. "We review findings of fact after a bench trial for clear error and accompanying conclusions of law *de novo*." *Sleepy's LLC v. Select Comfort Wholesale Corp.*, 909 F.3d 519, 527 (2d Cir. 2018). "Mixed questions of law and fact are reviewed either *de novo* or under the clearly erroneous standard, depending on whether the question is predominantly legal or predominantly factual." *Krist v. Kolombos Rest. Inc.*, 688 F.3d 89, 95 (2d Cir. 2012) (internal quotation marks and brackets omitted). "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Id.* (internal quotation marks omitted).

"Under New York law, a breach of contract claim requires proof of (1) an agreement, (2) adequate performance by the plaintiff, (3) breach by the defendant, and (4) damages." *Fischer & Mandell, LLP v. Citibank, N.A.*, 632 F.3d 793, 799 (2d Cir. 2011). David Morris challenges only the second element of Treasure Chest's breach claim.

3

With respect to the mail campaign, David Morris suggests that even if Treasure Chest intended to include the David Morris ads in its 2016 mailing, perhaps a third party with whom Treasure Chest contracted to do the actual printing and mailing failed to include the David Morris ads. Likewise with respect to the digital impressions: David Morris speculates that perhaps Treasure Chest's social media followers were fake (or even worse, bought), and that sufficient emails were not sent. The problem for David Morris is that it submitted absolutely no evidence in support of these postulations. We, then, identify no clear error in the district court's finding concerning Treasure Chest's performance.

David Morris next insists that the district court should have precluded under Federal Rule of Civil Procedure 37(c)(1) certain exhibits included with the affidavit of Treasure Chest's founder and CEO, Richard Shane. We review a district court's Rule 37(c)(1) ruling for abuse of discretion, which we will not identify unless "(1) its decision rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding, or (2) its decision—though not necessarily the product of a legal error or a clearly erroneous factual finding—cannot be located within the range of permissible decisions." *See Design Strategy, Inc. v. Davis*, 469 F.3d 284, 294 (2d Cir. 2006) (internal quotation marks omitted).

Treasure Chest's failure to include in its initial disclosures certain exhibits— namely, a copy of a mailing receipt (Exhibit D), a sample of digital impressions (Exhibit

4

E), and an email concerning consumer leads (Exhibit F)[1]—was harmless, and preclusion (or any other sanction) was therefore not required.  As an initial matter, although David Morris faults the district court for failing to conduct the analysis outlined by this Court in *Design Strategy*, David Morris itself presented no such analysis to the district court.  In any event, none of these exhibits was needed to support Treasure Chest's prima facie case of breach (and David Morris declined to present any evidence contradicting that case at trial).  It is not disputed that Treasure Chest sent out a mailing, only whether that mailing included David Morris's ads—an issue to which the mailing receipt does not speak.  Conversely, the dispute concerning the digital impressions concerns whether they were disseminated, not their content.  Finally, David Morris does not argue on appeal that Treasure Chest failed to perform under the contract with respect to producing consumer leads, and so the email relating to such is irrelevant.  The district court accordingly acted well within its discretion by declining to preclude these exhibits at trial.

We have considered David Morris's remaining arguments and find them to be without merit.  The judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

---

[1] The district court did preclude the introduction of Exhibit G, an email concerning a matchback analysis performed for another of Treasure Chest's clients.